```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    CHARLOTTE DIVISION
                      3:08CV409-W-02
                       (3:03CR225-W)
```

| | | |
|---|---|---|
| **KENNETH LOUIS REID,** | ) | |
|       **Petitioner,** | ) | |
| | ) | |
|    **v.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
|       **Respondent.** | ) | |
| _____) | | |

**THIS MATTER** comes before the Court upon Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed September 2, 2008. (Doc. No. 1). After having carefully reviewed that pleading, the record of Petitioner's criminal case, and the relevant legal precedent, the Court concludes –- out of an abundance of caution -- that Petitioner's Motion to Vacate should be <u>granted</u>, but only for the purpose of allowing him timely to pursue a direct appeal of his underlying criminal case.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On December 16, 2003, a grand jury charged Petitioner with having possessed 50 grams or more of cocaine base with intent to distribute that substance, in violation of 21 U.S.C. § 841. (Case No. 3:03cr225-W, Doc. No. 1). On December 22, 2003, the Government filed an Information pursuant to 21 U.S.C. § 851, asserting that Petitioner previously had sustained four drug-related convictions in the State of North Carolina, thereby signifying

that if Petitioner were convicted of the instant federal charge, he would be subject to enhanced sentencing by this Court. (Case No. 3:03cr225-W, Doc. No. 5).

However, on April 12, 2006, Petitioner entered into a written Plea Agreement with the Government, whereby he agreed to plead guilty to the sole charge in the Indictment (Case No. 3:03-cr225-W, Doc. No. 42). As to Petitioner's sentencing exposure, the parties' Agreement noted, based upon the Government's promise to forego the use of three of Petitioner's four prior convictions in his sentencing calculations, that his statutory mandatory term was reduced **to a minimum of 20 years up to life imprisonment**(emphasis added). In addition, the parties' stipulated that the amount of cocaine base which was attributable to Petitioner was "at least 50 grams."

The Plea Agreement also contains a waiver provision by which Petitioner gave up his right to withdraw his guilty plea once it was accepted by the Court. Similarly, by that provision, Petitioner waived his rights directly or collaterally to challenge his conviction and sentence on any grounds, except ineffective assistance of counsel, prosecutorial misconduct, or on the ground that his sentence was calculated inconsistently with the explicit stipulations set forth in the Agreement. Petitioner's Plea Agreement was filed with the Court on April 21, 2006.

On August 8, 2006, Petitioner appeared before a magistrate

2

judge and entered his guilty plea. (Case No. 3:03cr225-W, Doc. No. 47: Entry and Acceptance of Guilty Plea form). On that occasion, the Court engaged Petitioner in its standard, lengthy colloquy to ensure that he intelligently and voluntarily was entering his plea. Among other matters, Petitioner confirmed that he understood the charge, and that he was facing a statutory mandatory minimum term of 240 months up to life imprisonment; and he confirmed that no one had made him any other promises of leniency or a light sentence, and no one had threatened or intimidated him into entering his guilty plea. (Id. 2 and 4). Consequently, after careful consideration of all of Petitioner's sworn declarations, the Court determined that his guilty plea freely and knowingly was made, and it accepted the plea. (Id. 5).

Last, on September 4, 2007, the Court conducted a Factual Basis and Sentencing Hearing. At the conclusion of that proceeding, Petitioner was sentenced to the statutory minimum mandatory term of 240 months imprisonment. The Court's Judgment imposing sentence was filed September 13, 2007. (Case No. 3:03cr225-W, Doc. No. 52). Petitioner did not file a notice of appeal in this case.

Rather, on September 2, 2008, Petitioner filed the instant Motion to Vacate. Pertinent here, Petitioner's Motion asserts, inter alia, that after he received a sentence which somehow was twice as long as the term he was anticipating, he asked his

attorney to file an appeal challenging the disparity between powder and crack cocaine sentences; however, "counsel failed to file a requested appeal on the issue, saying it would be meritless." (Doc. No. 1, 4). In his supporting memorandum, Petitioner further explains that when he asked counsel about an appeal, counsel told him "that there were no grounds for a[n] appeal"; and that Petitioner "had waived [his] rights when [he] plead[ed] guilty to any appellate review." (Id., 22). Petitioner contends that it was not until he arrived at his correctional facility that he understood his absolute right to a direct appeal; thus, he now asks this Court to vacate and re-enter its Judgment so that he can file a belated appeal. (Id. 13, 20-21).

## II.  **ANALYSIS**

In United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993), the Fourth Circuit held that an attorney's failure to file an appeal, when requested by his client to do so, is per se ineffective assistance of counsel -- irrespective of the merits of the appeal. See also Evitts v. Lucey, 469 U.S. 387, 391-05 (1985) (same); and United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000) (discussing when failure to consult with client concerning whether to appeal constitutes ineffective assistance).

More recently, in United States v. Poindexter, 492 F.3d 263, 267 (4th Cir. 2007), the Fourth Circuit reaffirmed its holding from Peak, there agreeing with a petitioner's assertion that "an

4

attorney who disregards his client's unequivocal instruction to file a timely notice of appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial." In fact, the Poindexter Court stated that counsel's conduct would be prejudicial under those circumstances, notwithstanding whether the proposed appellate claim(s) involved a matter which was covered by a waiver provision, or the probable lack of success of such an appeal. 492 F.3d at 273. Essentially, the Court observed that while in cases such as the instant one, the petitioner may be "obtain[ing] little more than an opportunity to lose at a later date," that is a statutory right which simply cannot be taken away from him. Id. See also Rodriquez v. United States, 395 U.S. 327 (1969) (noting that defendants have an absolute statutory right to a direct appeal).

In the instant case, Petitioner has alleged that he expressly inquired about an appeal and requested an appeal after having received a longer than anticipated sentence, but counsel essentially refused to file the appeal on the mistaken belief that Petitioner was not entitled to an appeal because he had waived his right to one. However, Poindexter makes it clear that even when the right to file an appeal has been waived, a defendant still is entitled to file the appeal notwithstanding its unlikely success. Thus, even if the Government were to file a response merely containing an affidavit wherein Petitioner's former

5

attorney denies this allegation, the relevant legal precedent all but requires this Court to grant Petitioner's Motion to Vacate as to that limited issue, thereby allowing him to proceed with a direct appeal.

Accordingly, in light of the instant record the Court finds, out of an abundance of caution, that it should grant Petitioner's Motion, but only for the purpose of allowing him to file a direct appeal. That is, in cases such as this one, the prescribed remedy is to vacate the original Judgment and enter a new Judgment from which an appeal can be taken. Therefore, the Court will vacate its Judgment and enter a new, identical Judgment so that Petitioner may appeal his conviction and/or sentence.

### III. **<u>NOTICE OF APPELLATE RIGHTS</u>**

Mr. Reid, you hereby are advised that you have an absolute right to appeal your criminal case and any issues in it to the Fourth Circuit Court of Appeals. If you decide to do that, you will have to file a Notice of Appeal with the Clerk of this District Court within 10 days after the day your new Judgment of conviction is filed with this Court. Upon your request, the Clerk can assist you in preparing your Notice of Appeal.

If you previously were determined to be indigent in connection with your criminal case, or if you now are indigent and are unable to pay for an appeal, you may request permission to proceed on appeal without having to pay the applicable filing fees.

You should discuss the question of appeal with your attorney, if you have one.  Notwithstanding whatever he or she may tell you, the responsibility for filing the Notice of Appeal remains with you, and you must file such Notice within the aforementioned 10-day period in order to make it effective.

Finally, since the Court has decided to grant Petitioner's Motion to Vacate for the purpose of restoring his appellate rights, it must defer ruling on his two remaining claims of ineffective assistance of counsel.  See United States v. Killian, 22 Fed. App'x. 300, 301 (4th Cir. 2001)(noting that where district court grants motion to vacate under Peak, the court must defer ruling on petitioner's remaining claims)(unpublished).  Therefore, Petitioner's other two claims are dismissed without prejudice.

## IV.  ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1.  That Petitioner's Motion to Vacate is **GRANTED**, but only for the purpose of allowing Petitioner timely to appeal his case;

2.  That Petitioner's original Judgment is **VACATED** due to counsel's failure to honor Petitioner's request for an appeal;

3.  That the Clerk is directed to prepare a new Judgment with the same sentence and conditions as imposed in the original Judgment;

4.  That Petitioner may appeal from his new Judgment as has

been explained in this Order;

5. That if counsel for the Government is aware that former defense counsel has in his possession a document which affirmatively establishes that Petitioner advised counsel that he did <u>not</u> want an appeal, such as a signed waiver, counsel for the Government may present such evidence to the Court by way of an appropriate request for reconsideration; and

6. That the Clerk shall send copies of this Order to Petitioner and to the United States Attorney for the Western District of North Carolina.

**SO ORDERED.**

Signed: March 3, 2009

Frank D. Whitney
United States District Judge